William S. Hoang (State Bar No. 269791)
whoang@travelers.com
USERY & ASSOCIATES
Mailing Address: P.O. Box 2996
Hartford, CT 06104-2996
Physical Address: 3333 Michelson Dr., Suite 1000
Irvine, CA 92612
Tel: (949) 224-5715
Fax: (844) 571-3789

Attorneys for Plaintiff TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>                    Plaintiff,<br><br><br>v.<br><br>LIBERTY INSURANCE CORPORATION; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>                    Defendants. | Case No.: 5:23-cv-00540-BLF<br><br><br>**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, AND EQUITABLE CONTRIBUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA alleges and avers as follows:

**THE PARTIES**

1.      Plaintiff Travelers Property Casualty Company of America ("Travelers") is, and at all relevant times was, an insurance company organized under the laws of the State of Connecticut, having its principal place of business in Connecticut, and is and was at all times mentioned herein qualified to do business in California.

2.      Travelers is informed and believes and thereon alleges that defendant Liberty Insurance Corporation ("Liberty") is, and at all relevant times was, an insurance company organized

1  under the laws of the State of Illinois, having its principal place of business in the State of Illinois,

2  and is and was at all times mentioned herein qualified to do business in California.

3         3.      Travelers is informed and believes and thereon alleges that defendant National Union

4  Fire Insurance Company of Pittsburgh, PA. ("NUFIC") is, and at all relevant times was, an insurance

5  company organized under the laws of the State of Pennsylvania, having its principal place of

6  business in the State of New York, and is and was at all times mentioned herein qualified to do

7  business in California.

8         4.      Travelers is informed and believes and thereon alleges that defendant Navigators

9  Specialty Insurance Company ("Navigators") is, and at all relevant times was, an insurance company

10  organized under the laws of the State of New York, having its principal place of business in the

11  State of New York, and is and was at all times mentioned herein qualified to do business in

12  California.

13  <u>**JURISDICTION AND VENUE**</u>

14         5.      This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil

15  action between citizens of different states in which the matter in controversy is in excess of seventy-

16  five thousand dollars ($75,000.00), exclusive of costs and interests.

17         6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a

18  substantial part of the events giving rise to this claim occurred in this district.

19  <u>**DIVISIONAL ASSIGNMENT**</u>

20         7.      Pursuant to Local Rule 3-2(c), assignment to the San Jose Division is proper because

21  a substantial part of the events giving rise to this claim occurred therein.

22  <u>**BACKGROUND FACTS**</u>

23  **The Underlying Action**

24         8.      On February 1, 2019, Gregory Ponte ("Ponte") filed an action entitled *Gregory Ponte*

25  *v. DPR Construction, Inc.*, in the Santa Clara County Superior Court, Case No. 19CV342365 (the

26  "Underlying Action"), alleging a cause of action for premises liability against DPR Construction,

27  Inc. ("DPR"). A true and correct copy of the Complaint in the Underlying Action is attached as

28  Exhibit 1. Ponte later amended his Complaint to add Gerdau Reinforcing Steel ("Gerdau") as

FIRST AMENDED COMPLAINT

defendant DOE 3.

9.      In the Underlying Action, Ponte alleges that on or about September 12, 2017, he was a worker on a job site at 2100 Conpenza Street in Santa Clara, California (the "Premises") when he fell crossing over a formboard blocking his way to the bathroom and suffered injuries.

10.     Ponte alleges that DPR and DOES 1 to 5 negligently owned, maintained, managed and operated the Premises.  Ponte further alleges that DPR willfully or maliciously failed to guard or warn against a dangerous condition, use, structure or activity.

11.     Pursuant to Ponte's Statement of Damages in the Underlying Action, Ponte seeks in excess of $7,000,000 in damages.

12.     Travelers is informed and believes and thereon alleges that DPR and Rosendin Electric, Inc. ("REI") entered into a subcontract for the performance of certain electrical work by Rosendin in connection with the Premises.

13.     Travelers is informed and believes and thereon alleges that DPR and Gerdau entered into a subcontract for the performance of certain concrete work by Gerdau in connection with the Premises.

14.     On or about October 9, 2020, DPR filed a Cross-Complaint against Rosendin for indemnity, among other claims, in the Underlying Action.  DPR later amended its Cross-Complaint to add Gerdau as cross-defendant ROE 2.

**The Travelers Policy**

15.     Travelers issued policy number to VTC2J-CO-1A064455-TIL-17 to Rosendin Holdings, Inc., with effective dates of April 1, 2017 to April 1, 2018 (the "Travelers Policy").  REI is also a named insured under the Travelers Policy.

**The Liberty Policy**

16.      Travelers is informed and believes and thereon alleges that Liberty issued a commercial general liability policy to DPR, which was in effect at all relevant times (the "Liberty Policy").

17.     Travelers is informed and believes and thereon alleges that DPR qualifies as an insured under the Liberty Policy in connection with the Underlying Action.

**The NUFIC Policy**

18.     Travelers is informed and believes and thereon alleges that NUFIC issued an excess policy to REI, policy no. 028189093, which was in effect from April 1, 2017 to April 1, 2018 (the "NUFIC Policy").

19.     Travelers is informed and believes and thereon alleges that REI qualifies as an insured under the NUFIC Policy in connection with the Underlying Action.

**The Navigators Policy**

20.     Travelers is informed and believes and thereon alleges that Navigators issued a commercial general liability policy to Gerdau, policy no. SF17CGL159592IC, which was in effect from July 1, 2017 to July 1, 2018 (the "Navigators Policy").

21.     Travelers is informed and believes and thereon alleges that DPR qualifies as an additional insured under the Navigators Policy in connection with the Underlying Action.

**Tender and Defense of the Underlying Action**

22.     Travelers is informed and believes and thereon alleges that Liberty initially agreed to defend and indemnify DPR in connection with the Underlying Action.

23.     Liberty then tendered DPR's defense and indemnity to Travelers with regard to the Underlying Action under the Travelers Policy.

24.     In response to the tender, Travelers agreed to defend DPR, subject to a reservation of rights under the Travelers Policy.

25.     Travelers is informed and believes and thereon alleges that tenders were issued to Navigators to defend and indemnify DPR in connection with the Underlying Action.  However, Travelers is informed and believes and thereon alleges that Navigators denied coverage for DPR and refused to defend and indemnify DPR in connection with the Underlying Action.

26.     Travelers contends that it does not owe any duty to defend or indemnify DPR in connection with the Underlying Action.

27.     Travelers has incurred over $460,000 in defense fees and costs in defending DPR in the Underlying Action.

///

4

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Against Liberty)

28.  Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29.  An actual and justiciable controversy has arisen between Travelers and Liberty in that Liberty contends, and Travelers disputes, that Travelers is obligated to defend and indemnify DPR in the Underlying Action.

30.  Travelers seeks a judicial determination that it is not obligated to defend and indemnify DPR in the Underlying Action.  Travelers also seeks a judicial determination that Liberty is obligated to defend and indemnify DPR in the Underlying Action on a primary basis.

31.  Travelers requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring the rights and obligations of the parties with regard to their respective insurance policies.

32.  Travelers further requests a declaration of rights, duties and/or obligations of the parties as otherwise appropriate, and for judgment for any amount as may be appropriate.

## SECOND CAUSE OF ACTION FOR EQUITABLE INDEMNITY

### (Against Liberty)

33.  Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32, inclusive, as though fully set forth herein.

34.  Liberty is obligated to defend and indemnify DPR against the Underlying Action on a primary basis.

35.  Liberty contends that Travelers is obligated to defend and indemnify DPR against the Underlying Action.

36.  Liberty has failed to discharge its obligations and equitably participate in the defense of DPR.

37.  The failure of Liberty to discharge its obligations under the Liberty Policy is wrongful and thus causing an inequitable result.

38.  Because of Liberty's wrongful failure to discharge its obligations under the Liberty

Policy, Travelers is entitled to reimbursement and indemnification of all defense fees and costs it incurred on behalf of DPR in the Underlying Action.

## THIRD CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

### (Against Liberty)

39.     Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38, inclusive, as though fully set forth herein.

40.     Pursuant to the Liberty Policy, Liberty owes defense and indemnity to DPR in connection with the Underlying Action on a primary basis.

41.     Liberty has not contributed to the defense fees and costs that Travelers has incurred on behalf of DPR in connection with the Underlying Action.  Travelers is therefore entitled to contribution and reimbursement from Liberty in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Against NUFIC)

42.     Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 41, inclusive, as though fully set forth herein.

43.     An actual and justiciable controversy has arisen between Travelers and NUFIC in that NUFIC contends, and Travelers disputes, that Travelers is obligated to indemnify DPR in the Underlying Action.

44.     Travelers seeks a judicial determination that it is not obligated to indemnify DPR in the Underlying Action.

45.     Travelers requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring the rights and obligations of the parties with regard to their respective insurance policies.

46.     Travelers further requests a declaration of rights, duties and/or obligations of the parties as otherwise appropriate, and for judgment for any amount as may be appropriate.

///

///

///

FIRST AMENDED COMPLAINT

## FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Against Navigators)

47.    Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

48.    An actual and justiciable controversy has arisen between Travelers and Navigators in that Travelers contends, and Navigators disputes, that Navigators is obligated to defend and indemnify DPR in the Underlying Action.

49.    Travelers seeks a judicial determination that it is not obligated to defend and indemnify DPR in the Underlying Action.  Travelers also seeks a judicial determination that Navigators is obligated to defend and indemnify DPR in the Underlying Action on a primary basis.

50.    Travelers requests that the Court resolve the present and actual controversy between the parties by issuing a judgment declaring the rights and obligations of the parties with regard to their respective insurance policies.

51.    Travelers further requests a declaration of rights, duties and/or obligations of the parties as otherwise appropriate, and for judgment for any amount as may be appropriate.

## SIXTH CAUSE OF ACTION FOR EQUITABLE INDEMNITY

### (Against Navigators)

52.    Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27 and 47 through 51, inclusive, as though fully set forth herein.

53.    Navigators is obligated to defend and indemnify DPR against the Underlying Action on a primary basis.

54.    Navigators has failed to discharge its obligations and equitably participate in the defense of DPR.

55.    The failure of Navigators to discharge its obligations under the Navigators Policy is wrongful and thus causing an inequitable result.

56.    Because of Navigators' wrongful failure to discharge its obligations under the Navigators Policy, Travelers is entitled to reimbursement and indemnification of all defense fees and costs it incurred on behalf of DPR in the Underlying Action.

## SEVENTH CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION

### (Against Navigators)

57.    Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27 and 47 through 56, inclusive, as though fully set forth herein.

58.    Pursuant to the Navigators Policy, Navigators owes defense and indemnity to DPR in connection with the Underlying Action on a primary basis.

59.    Navigators has not contributed to the defense fees and costs that Travelers has incurred on behalf of DPR in connection with the Underlying Action.  Travelers is therefore entitled to contribution and reimbursement from Liberty in an amount to be proven at trial.

## PRAYER

WHEREFORE, Travelers prays for judgment as follows:

1.    For a judicial determination that Liberty is obligated to defend and indemnify DPR in the Underlying Action on a primary and non-contributory basis;

2.    For a judicial determination that Navigators is obligated to defend and indemnify DPR in the Underlying Action on a primary and non-contributory basis;

3.    For a judicial determination that Travelers is not obligated to defend or indemnify DPR in the Underlying Action;

4.    For equitable indemnity against Liberty for the defense fees and costs incurred by Travelers in connection with the Underlying Action, plus interest;

5.    For equitable indemnity against Navigators for the defense fees and costs incurred by Travelers in connection with the Underlying Action, plus interest;

6.    In the alternative, for equitable contribution and apportionment against Liberty of the defense fees and costs incurred by Travelers in connection with the Underlying Action, plus interest;

7.    In the alternative, for equitable contribution and apportionment against Navigators of the defense fees and costs incurred by Travelers in connection with the Underlying Action, plus interest;

8.    For costs of suit incurred herein; and

///

FIRST AMENDED COMPLAINT

9.    For such other and further relief as the Court may deem just and proper.

Dated:  March 15, 2023                          USERY & ASSOCIATES

                                      By **/s/ William S. Hoang**
                                          William S. Hoang
                                          Attorneys for Plaintiff TRAVELERS PROPERTY
                                          CASUALTY COMPANY OF AMERICA


## **DEMAND FOR JURY TRIAL**

Travelers hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated:  March 15, 2023                          USERY & ASSOCIATES

                                      By **/s/ William S. Hoang**
                                          William S. Hoang
                                          Attorneys for Plaintiff TRAVELERS PROPERTY
                                          CASUALTY COMPANY OF AMERICA

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 655 N. Central Ave., Glendale, CA 91205.

On March 15, 2023, I served the following document described as:

1. **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, AND EQUITABLE CONTRIBUTION**

On the following interested parties in this action addressed as follows:

| | |
|---|---|
| Kelly K. Beck, Esq.<br>**Lindahl Beck LLP**<br>601 S. Figueroa St., Ste 3540<br>Los Angeles, California 90017<br><br>kbeck@lindahlbeck.com<br>sestep@lindahlbeck.com<br><br>*Attorneys for Defendant,*<br>*Liberty Insurance Corporation* | Leon Roubinian, Esq.<br>**Nixon Peabody LLP**<br>One Embarcadero Center, 32nd Floor<br>San Francisco, CA 94111<br><br>lroubinian@nixonpeabody.com<br>dvalentine@nixonpeabody.com<br>mrichards@nixonpeabody.com<br>lcardona@nixonpeabody.com<br>lbabiera@nixonpeabody.com<br><br>*Attorneys for Defendant,*<br>*National Union Fire Insurance*<br>*Company of Pittsburgh, PA.* |

**[X] BY ELECTRONIC MAIL SERVICE** as follows:  I caused the following party(s) to be served the above listed document(s) by electronic mail service at the email addresses to the party(ies) noted above.

**[X] STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 15, 2023 at Glendale, California.

_/s/ Mai Segovia_____
Mai Segovia